IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNITA BRYANT, o/b/o
J.B., a minor,

 Plaintiff,

v.              CASE NO. 1:10-cv-00227-MP-GRJ

SOCIAL SECURITY ADMINISTRATION,

 Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint for judicial review of a determination by the Social Security Administration denying her application for social security disability benefits for her son. (Doc. 1). Plaintiff requests permission to proceed *in forma pauperis*. (Doc. 2.) The Court has reviewed the Complaint and the materials filed with the complaint to determine the sufficiency of the claim. For the reasons discussed below, the Court determines that because this Court does not have jurisdiction to review the decision of the Social Security Administration at the reconsideration stage of the administrative review process, Plaintiff's complaint should be dismissed and Plaintiff's Motion to Proceed *In Forma Pauperis* should be denied.

## Discussion

In Plaintiff's handwritten complaint she contends that there was "an unjustified ruling" by the Social Security Administration denying the claim she filed on behalf of her nine year old son for social security disability benefits based upon claims that her son is disabled as a result of asthma, an irregular heartbeat, and learning disabilities,

specifically speech problems and attention deficits. Plaintiff challenges two examinations – presumably consultative examinations ordered by the Social Security Administration (the Administration) – that she contends were "incomplete" and were conducted unfairly.

The fundamental problem with Plaintiff's claim is that she has failed to exhaust the required administrative remedies and instead is challenging the denial of her request for reconsideration of the decision of the Social Security Administration, before requesting and obtaining a hearing before an administrative law judge. While Plaintiff's complaint fails to mention the procedural posture of her claim, Plaintiff attached to her complaint a decision by the Social Security Administration, dated November 9, 2010, denying her request for reconsideration of the decision denying her son's claim for disability benefits. (Doc. 1, p. 26). This Notice of Reconsideration, expressly advised Plaintiff that if she believed the reconsideration determination was not correct, she had the right within 60 days to request a hearing before an administrative law judge of the Office of Disability Adjudication. While the record does not disclose whether Plaintiff has made a request for a hearing before an ALJ, it is evident that a hearing has not been conducted and a decision has not been issued by an ALJ.

Pursuant to 42 U.S.C. §405(g), a claimant seeking judicial review of an administrative decision by the Social Security Administration in federal court *must* have received a "final decision of the Commissioner of Social Security made after a hearing...." (emphasis supplied). Although all administrative decisions at each stage of the administrative process are final and binding on the parties, there is a four step administrative process that each claimant must complete before filing a complaint in

federal court. 20 C.F.R. §§ 404.900 (2009). This four step process requires Plaintiff to exhaust the following administrative remedies:

> An individual steps up to the administrative starting line by filing a claim for benefits with the Social Security Administration. The gun sounds with the decision to grant or deny this claim, which is known as the initial determination of the Secretary. 20 CFR §§ 404.905, 404.907 (1979). The claimant who receives an adverse initial determination satisfactorily jumps his first hurdle by filing a request for reconsideration. 20 CFR §§ 404.909, 404.913 (1979). The Secretary then acquires discretion to review the merits of the claim for a second time and issue what is impressively denominated a reconsidered determination. 20 C.F.R. § 404.914 (1979). After obtaining both an initial and reconsidered determination, the dissatisfied claimant, now breaking into full stride, files for an evidentiary hearing before an administrative law judge. 42 U.S.C. § 405(b) (1979); 20 CFR §§ 404.917, 404.919 (1979). Before breaking the ribbon at the end of the administrative finish line, the claimant must appeal the ALJ's hearing decision to the Appeals Council, which is the final arbiter and 'supreme administrative court' in the agency process. 20 CFR §§ 404.945-404.947a (1979).

Giacone v. Schweiker, 656 F.2d 1238, 1241 (7th Cir. 1981).

Plaintiff only has obtained an initial and reconsidered determination of her claim and has failed to complete the necessary step of filing for an evidentiary hearing before an administrative law judge.

The Court's subject matter jurisdiction to review decisions of the Social Security Administration is defined and limited by 42 U.S.C. § 405(g). Two jurisdictional prerequisites must be met before a federal court has jurisdiction to review the decision of the agency. The claimant must have presented a claim for benefits to the Commissioner *and* the claimant must have exhausted the administrative remedies. Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997). If there has been no exhaustion, dismissal for lack of subject matter jurisdiction is appropriate. Id.

Accordingly, because the Plaintiff has not exhausted the available administrative

remedies by failing to obtain an evidentiary hearing and decision from an administrative law judge, this Court does not have subject matter jurisdiction to review the decision of the Social Security Administration denying Plaintiff's claim at the reconsideration stage of the administrative process.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED** and this case **DISMISSED** for lack of subject matter jurisdiction**.**

At Gainesville, Florida, this 18th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**