IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNITA BRYANT,

    Plaintiff,

v.                                                      CASE NO. 1:10-cv-00227-MP -GRJ

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 4, Report and Recommendation regarding the Complaint, Doc. 1. The Magistrate Judge has recommended this case be dismissed for lack of subject matter jurisdiction. Plaintiff has timely objected, noting that she disagrees with the Magistrate Judge's recommendation. This Court will review all objected-to analysis *de novo*.

On August 4, 2008, Ms. Bryant filed a Complaint against the Social Security Administration on behalf of her son, Case No. 1:08-cv-173-MP-AK, Doc. 1. On May 25, 2010, this Court affirmed the decision of the Commissioner of Social Security to deny benefits, over Ms. Bryant's objection, as based on substantial evidence. Case No. 1:08-cv-173-MP-AK, Doc. 29. On November 16, 2010, Ms. Bryant filed the instant action, contesting the denial of a second Social Security claim made on behalf of her son, which has not yet been heard by an Administrative Law Judge.

The Court's subject matter jurisdiction to review decisions of the Social Security Administration is defined and limited by 42 U.S.C. § 405(g). Two jurisdictional prerequisites must be met before a federal court has jurisdiction to review the decision of the agency. The

claimant must have presented a claim for benefits to the Commissioner and the claimant must have exhausted the administrative remedies. Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997). If there has been no exhaustion, dismissal for lack of subject matter jurisdiction is appropriate. Id.

> The Seventh Circuit has described how to exhaust administrative remedies:
>
> An individual steps up to the administrative starting line by filing a claim for benefits with the Social Security Administration. The gun sounds with the decision to grant or deny this claim, which is known as the initial determination of the Secretary. 20 CFR §§ 404.905, 404.907 (1979). The claimant who receives an adverse initial determination satisfactorily jumps his first hurdle by filing a request for reconsideration. 20 CFR §§ 404.909, 404.913 (1979). The Secretary then acquires discretion to review the merits of the claim for a second time and issue what is impressively denominated a reconsidered determination. 20 C.F.R. § 404.914 (1979). After obtaining both an initial and reconsidered determination, the dissatisfied claimant, now breaking into full stride, files for an evidentiary hearing before an administrative law judge. 42 U.S.C. § 405(b) (1979); 20 CFR §§ 404.917, 404.919 (1979). Before breaking the ribbon at the end of the administrative finish line, the claimant must appeal the ALJ's hearing decision to the Appeals Council, which is the final arbiter and 'supreme administrative court' in the agency process. 20 CFR §§ 404.945-404.947a (1979).

Giacone v. Schweiker, 656 F.2d 1238, 1241 (7th Cir. 1981). Here, Ms. Bryant has obtained an initial and reconsidered determination. As shown in the documents attached to her objection to the Magistrate Judge's Report and Recommendation, on November 22, 2010 she requested a hearing with an Administrative Law Judge. Doc. 5, p. 4. On December 8, 2010, the Social Security Administration wrote Ms. Bryant to let her know they had received her request for hearing and are reviewing the claim. Doc. 5, p. 3.

Plaintiff has not yet received the requested hearing with the ALJ, and she has not yet appealed the ALJ's ruling to the Appeals Council, and the Appeals Council has not yet issued a decision regarding this claim. Plaintiff has therefore not yet exhausted administrative remedies,

and this Court does not have jurisdiction to adjudicate her claim. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 4, is ADOPTED and incorporated herein.

2. Motion to Proceed In Forma Pauperis, Doc. 2, is DENIED.

3. This case is DISMISSED for lack of subject matter jurisdiction.

**DONE AND ORDERED** this __17th__ day of December, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge